## Case No. 11,484.

PUTNAM et al. v. UNITED STATES.

[Hempst. 332.] [1]

District Court, D. Arkansas. Sept. 8, 1846.

SPANISH LAND CLAIMS—PARTITION—JURISDICTION —ACT OF MAY 26, 1824.

Under the act of 26th May. 1824 (4 Stat. 52), the district court has no jurisdiction to divide and partition a claim among claimants. They must go into other courts for that purpose.

[Followed in Bullitt v. United States, Case No. 2,128.]

Petition [by A. Waldo Putnam and others] for the confirmation and division of a Spanish claim, under the act of 26th May, 1824 (4 Stat. 52), in the district court of Arkansas.

L. Janin, S. L. Johnson, and A. Fowler, for petitioners.

S. H. Hempstead, Dist. Atty., for the United States.

JOHNSON, District Judge, said: This petition is filed by persons claiming undivided interests, by mesne conveyances from the grantee, in the grant of Elisha Winter, alleged to have been made in 1797, and for the confirmation of which grant, a petition has been filed in this court by his legal representatives, and is still pending. The petitioners in this case pray for the confirmation of their respective interests, derived through such mesne conveyances, or to receive scrip proportionate to such undivided interests. The petition really is for a confirmation and division by this court of the grant made to Winter, according to the alleged rights of these petitioners, as shown by the mesne conveyances set out in the petition. The district attorney has pleaded the pendency of the suit by the heirs of Elisha Winter, as to part of the petition, and demurred to so much of it as prays a division, because he avers that the act of congress of 26th May, 1823, does not give this court any authority to divide or partition claims, but merely to confirm or reject them. And that is undoubtedly a correct position. It was not intended by that act to bring into

this court the determination of controversies between intermediate claimants, or the ascertainment of the validity of conveyances, and the numerous and difficult questions frequently, and indeed generally, incident to divisions of property. This is a special tribunal for particular purposes, and armed with no such authority. The government has afforded grantees and heirs and legal representatives an opportunity to test the validity of their claims, and if found good such claims are confirmed, and this may be considered as a judicial renunciation on the part of the government of all title. All other questions are left to be determined in other tribunals of the country. It is no concern of the government as to who is the particular owner. The real inquiry in these cases is, whether the government is the owner; and when that is decided against herself, she has no further concern in the controversy, and certainly cannot allow the owners to divide and parcel out their property, and settle their rights as against each other in this tribunal. This court has no such jurisdiction. The plea and demurrer are both well taken, and the petition must be dismissed. Petition dismissed.

On the 31st October, 1846, a motion was made to reconsider, but it was overruled by the court.

[NOTE. The petition of the heirs of Elisha Winter was dismissed, the claim being rejected. This of course defeated any claim the petitioners in this case might have had. Case No. 17,875.]